

# THE ATTORNEY GENERAL
# OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 11, 1976

The Honorable Wilson E. Speir          Opinion No. H-861
Director
Texas Department of Public Safety   Re:  Whether results of
P. O. Box 4084                           analyses of blood samples
Austin, Texas 78773                      taken by investigating
                                         officer are public.

Dear Colonel Speir:

You have asked our opinion as to whether the results of analyses of blood samples submitted by officers in the investigation of automobile accidents are public, or are excepted from required public disclosure.

Attorney General Opinion M-1251 (1972) held that the Department is not required to disclose to third parties the results of chemical tests on blood samples taken of alleged offenders charged with operating a motor vehicle while intoxicated. Your question poses the issue of whether the enactment of the Texas Open Records Act, article 6252-17a, V.T.C.S., has changed the conclusion as to the law as stated in that Opinion.

Attorney General Opinion M-1251 noted that information in criminal investigation files has been traditionally held at common law not to be a public record, and that it is permitted to be kept secret. The Opinion concluded that since there was no statute to the contrary, the common law obtains in Texas.

In our opinion, the enactment of the Open Records Act in 1973 changed the law on this point only to the extent that the common law rule is now recognized and preserved by the section 3(a)(8) exception to the Act. This "law enforcement records" exception has been held to except "ballistics reports, fingerprint comparisons, or blood and other laboratory

tests" contained in a police offense report. Houston Chronicle Publishing Co. v. City of Houston, 531 S.W.2d 177, 187 (Tex. Civ. App. -- Houston [14th Dist.] 1975, writ ref'd n.r.e.).

Thus, where results of analyses of blood samples are prepared for the purpose of possible prosecution for a criminal offense, it is our opinion that they are excepted from required public disclosure by section 3(a)(8) of the Open Records Act. See Open Records Decision No. 127 (1976) at 7.

Your question is posed in terms of "blood samples submitted by officers in the investigation of automobile accidents" and is not limited to situations where the test is made for the purpose of possible prosecution. We understand that the Department may conduct blood tests in other instances, such as in connection with inquests. You have not described any such specific factual situations, and we can not speculate as to what law might apply to unknown facts. However, we note that we said in Open Records Decision No. 21 (1974) that a report of an autopsy performed either by or for a justice of the peace in the course of an inquest or by a medical examiner in determining the cause of death is a public record and subject to disclosure.

If you receive a request for results of a blood test which was conducted for some purpose outside the scope of the section 3(a)(8) exception to the Open Records Act, then the information is public unless you consider some other exception applicable. If a case arises which raises such a question, and none of our previous determinations under the Open Records Act are applicable, the matter should be submitted in accordance with the procedure set out in section 7 of article 6252-17a, V.T.C.S. for our determination.

### S U M M A R Y

Reports of results of analyses of blood samples which are prepared by the Department of Public Safety for the purpose of

possible prosecution for a criminal
offense are excepted from required public
disclosure. Blood tests conducted for
other purposes are not necessarily
excepted from disclosure.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb